The Chancellor.
The bill is filed to foreclose two chattel mortgages given by the defendant. The first mortgage was given to Samuel J. Hunt, to secure certain debts due to him from the mortgagor, and to indemnify him against loss upon other notes of the mortgagor endorsed by the mortgagee. It covers household goods, stock, farming utensils, and other chattels upon a farm in Rahway, specified in a schedule annexed to the mortgage. The complainant claims under this mortgage by assignment. The second mortgage was given to the complainant to secure certain indebtedness of the defendant to the mortgagee, and also to Julia Ann Chapman. It includes the property covered by the first mortgage, and also other property and rights of the mortgagor.
The bill is fatally defective on more than one of the grounds assigned by the demurrer.
1. Julia Ann Chapman is a necessary party to the bill. The second mortgage is given to the complainant to secure first, any money that may be due to him, and secondly, anv money that may be due to Julia Ann Chapman from the mortgagor. As a general rule, there can be no foreclosure unless all the persons entitled to the mortgage money are before the court. A. person entitled to a part only of the mortgage money cannot file a bill to foreclose a mortgage as to his own part of the money. So, also, all tlio beneficiaries should be made parties as well as the trustee. Story’s Eq. Pl., § 201; Mitford’s Pl. (ed. 1827) 39, 164.
There are admitted qualifications of the rule, but this case does not fall within any of them. There is, indeed, a peculiar necessity in this case for making the cestui que trust a .party, inasmuch as she is not only beneficially interested *152 .in .the suit, but also because she stands in the position of a second mortgagee, the complainant, by his bill, claiming that ' he is entitled to priority over her in the payment of his debt.
2. The property included in the second mortgage is not ascertained or described in the bill with sufficient' certainty. Part of the property is described in the mortgage as “ all the right, title, and interest of the said Isaac L. Hunt in and to the tools, fixtures, &c., now in the United States Malleable Iron Factory at Newark, New Jersey.” The bill contains no further description or enumeration of the chattels. No statement of the character of Hunt’s title, and in fact no averment that he had any right, title, or interest .whatever in the goods purporting to be mortgaged, and of which the complainant asks a decree for sale. The bill should contain a clear and exact statement of all material facts. It should show with reasonable certainty what the complainant's rights are, in what manner he is injured, and in what particulars he wants the assistance of the court. Story's Eq. Pl., § 23; Mitford’s Pl. 37.
A bill for the foreclosure of a chattel mortgage should show of what the property consists, the mortgagor’s title or claim of title to it, and that it is within the jurisdiction of the court.
A similar objection applies to the statement of the complainant’s rights under the first mortgage. The bill contains no averment that the notes endorsed by the mortgagee, and against which the mortgage was given as an indemnity, were ever assigned to the complainant, nor that the principal of the said notes remains unpaid. The allegations of the bill in these respects are equivocal and insufficient. These averments are distinctly made in the affidavit annexed to the bill, but are not found in the bill itself.
3. The objection to the bill on the ground of multifariousness is not sustained.
. Nor is the second mortgage void on the ground that it is against the policy of the statute regulating assignments for the benefit of creditors. On its face, the instrument pur *153 ports to be not an assignment of the defendant’s property for tbe benefit of creditors, but a mortgage for the payment of certain specified debts.
Eo opinion is designed to be expressed in regard to tbe validity of tbe instrument in other respects, nor as to its effect upon the rights of other creditors of the mortgagor.
The demurrer is sustained with costs.